IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, a Nebraska Fraternal Benefit Society,<br><br>     Plaintiff,<br><br>vs.<br><br>ROBERT WEATHERSBEE, and MAXIE BONDURANT,<br><br>     Defendants. | 8:16-CV-498<br><br>ORDER |

  This matter is before the Court on the plaintiff's motion for a temporary restraining order (filing 2). That motion will be denied.

  Briefly summarized, the plaintiff alleges that the defendants breached the non-solicitation provision of their respective employment contracts. Pursuant to that provision, a WoodmenLife employee cannot, for a period of two years following the termination of his or her employment contract,

> (i) induce or attempt to induce any WoodmenLife member or certificate owner with whom the WoodmenLife Representative did business and had personal contact during the term of this contract, to surrender, cancel, lapse, forfeit, or otherwise terminate any WoodmenLife insurance certificates or annuity certificates . . .
>
> [or]
>
> (iii) induce or attempt to induce any WoodmenLife employee or sales representative with whom the [employee] actually worked and had personal contact while employed by WoodmenLife, to terminate their relationship with WoodmenLife[.]

Filing 1 at 4. The plaintiffs allege that the defendants have and continue to breach this provision by soliciting WoodmenLife members or representatives with whom they had contact during their contractual relationship with the plaintiff. As a result of this breach, the plaintiff contends that it has and will

continue to suffer irreparable harm in the form of "permanently damaged relationships with its members, lost relationships with its workforce, and irreversible damages to its goodwill in the Florida communities in which [the defendants] are actively soliciting Woodmen members and Representatives." Filing 3 at 2.

The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Although the plaintiff has alleged ongoing misconduct, and the potential for immediate injury, it has not certified its efforts, if any, to notify the defendants. And because a temporary restraining order is an emergency remedy which should be issued only in exceptional circumstances, *Zidon v. Pickrell,* 338 F. Supp. 2d 1093, 1094-95 (D.N.D. 2004), the Court will deny the motion until and unless such efforts are made. Accordingly, the plaintiff's motion for a temporary restraining order is denied.

IT IS SO ORDERED.

Dated this 3rd day of November, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge