IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, a Nebraska Fraternal Benefit Society,<br><br>     Plaintiff,<br><br>vs.<br><br>ROBERT WEATHERSBEE, and MAXIE BONDURANT,<br><br>     Defendants. | 8:16-CV-498<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the plaintiff's renewed motion for a temporary restraining order (filing 11). That motion will be granted.

  Briefly summarized, the plaintiff alleges that the defendants breached the non-solicitation provision of their respective employment contracts. Pursuant to that provision, a WoodmenLife employee cannot, for a period of two years following the termination of his or her employment contract,

> (i) induce or attempt to induce any WoodmenLife member or certificate owner with whom the WoodmenLife Representative did business and had personal contact during the term of this contract, to surrender, cancel, lapse, forfeit, or otherwise terminate any WoodmenLife insurance certificates or annuity certificates . . .
>
> [or]
>
> (iii) induce or attempt to induce any WoodmenLife employee or sales representative with whom the [employee] actually worked and had personal contact while employed by WoodmenLife, to terminate their relationship with WoodmenLife[.]

Filing 1 at 4. The plaintiff alleges that the defendants have and continue to breach this provision by soliciting WoodmenLife members or representatives with whom they had contact during their contractual relationship with the plaintiff. As a result of this breach, the plaintiff contends that it has and will

continue to suffer irreparable harm in the form of "permanently damaged relationships with its members, lost relationships with its workforce, and irreversible damage to its goodwill in the Florida communities in which [the defendants] are actively soliciting Woodmen members and Representatives." Filing 3 at 2.

The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

In its November 3, 2016 Memorandum and Order, this Court denied the plaintiff's motion for a temporary restraining order, noting that the plaintiff had not certified its efforts to notify the defendants in accordance with Fed. R. Civ. P. 65(b)(1)(B). Filing 9 at 2. The Court further remarked that, given the exceptional nature of temporary restraining orders, the Court would deny the plaintiff's request "until and unless" it fully complied with the notice requirements of Rule 65. Filing 9 at 2.

The plaintiff's renewed motion and accompanying exhibits set forth the efforts it has made in providing the defendants notice. Specifically, the plaintiff has shipped a copy of the complaint, motion, and accompanying briefs to both defendants' home addresses via overnight mail; it retained a Florida process server to serve each defendant with a copy of the summons and complaint on an expedited basis; and plaintiff's counsel has attempted to contact each defendant by phone at their last known telephone numbers. Filing 11-2 at 1-2. These efforts are sufficient to satisfy the notice requirement of Fed. R. Civ. P. 65(b)(1)(B).

In determining whether to grant a temporary restraining order, the Court must also consider the factors set forth in *Dataphase Systems, Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Those factors include: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* at 114. No single factor is dispositive, and the

burden is on the movant to establish the propriety of the remedy. *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994).

The plaintiff argues that it faces irreparable harm because, absent a TRO, the defendants will continue to lure away customers of WoodmenLife in violation of their respective employment agreements. Filing 3 at 16. This activity, it contends, has and will continue to result in economic loss and lost client goodwill. Filing 3 at 17. To this end, the plaintiff estimates that the total value of the cancelled insurance policies to date exceeds $850,000, filing 1 at 9, and that the former employees have indicated "no intent of restraining their solicitation activities absent Court order." Filing 3 at 17. Based on these allegations and accompanying exhibits, the plaintiff has demonstrated that immediate and irreparable injury, loss, or damages will result in the absence of a TRO.

The plaintiff has also satisfied its burden with respect to the balance of hardships and public interest factors set forth in *Dataphase*. As the plaintiff asserts, the defendants would not face substantial harm from an order that restrains them from violating their existing employment contracts. Filing 3 at 19. Further, the plaintiff contends that the issuance of a TRO is in the public interest because the law favors the integrity of contractual agreements and the protection of businesses from *unfair* competition. Filing 3 at 20. The Court concludes that harm to the defendants, if any at this point, would not outweigh the hardships to the plaintiff, and that maintaining the status quo serves the public interest in this case.

## CONCLUSION

After weighing the evidence, and applying the factors as set forth above, the Court concludes that a TRO is necessary to preserve the status quo. This decision is based on the plaintiff's allegations and evidence with respect to current injury and threat of irreparable harm, and its reasonable efforts to notify the defendants in this matter. Accordingly,

IT IS ORDERED:

1. The Renewed Motion for Temporary Restraining Order (filing 11) is granted as follows.

2. From this date forward, the defendants, Robert Weathersbee and Maxie Bondurant, shall not, directly or indirectly, induce or attempt to induce, any WoodmenLife member or certificate owner with whom the defendants did business or had personal contact during the term of their

       employment, to surrender, cancel, lapse, forfeit, or otherwise terminate any WoodmenLife insurance certificates or annuity certificates.

3. From this date forward, the defendants, Robert Weathersbee and Maxie Bondurant, shall not induce or attempt to induce any WoodmenLife employee or representative with whom the defendants actually worked with or had personal contact with while employed by WoodmenLife, to terminate their employment relationship with WoodmenLife.

4. This Order shall remain in full force until altered, amended, or vacated by the Court.

5. Pursuant to Fed. R. Civ. P. 65(c), the Court has considered the evidence presented to it, and determines, at this point, that no security is necessary to pay costs and damages in the event of wrongful restraint or injunction.

6. Pursuant to Fed. R. Civ. P. 65(b)(3), a preliminary injunction hearing shall be set at the earliest possible time and, in any event, no later than 14 days from this date.

Dated this 4th day of November, 2016 at about 4:45 PM.

                                      BY THE COURT:

                                      John M. Gerrard
                                      United States District Judge