IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT WEATHERSBEE and MAXIE BONDURANT,<br><br>　　　　　Defendants. | 8:16-CV-498<br><br>MEMORANDUM AND ORDER |

　　　　The plaintiff, Woodmen of the World Life Insurance, has sued two of its former employees, Robert Weathersbee and Maxie Bondurant, for breach of a non-solicitation agreement. Weathersbee and Bondurant move to dismiss Woodmen's complaint under Fed. R. Civ. P. 12(b)(6). For the reasons explained below, the defendants' motion will be denied.

## BACKGROUND

　　　　Woodmen's allegations are briefly summarized as follows. In 2008, Woodmen hired Maxie Bondurant to sell life insurance and annuity products as an independent contractor. Filing 1 at 2. Three years later, in 2011, the company hired Robert Weathersbee as a recruiting salesperson. As a condition of their employment, Weathersbee and Bondurant signed an agreement which contained, among other provisions, a non-solicitation clause. Pursuant to that clause, former employees of Woodmen cannot, for a period of 2 years following the termination of their employment contract,

> (i) induce or attempt to induce any WoodmenLife member or certificate owner with whom the WoodmenLife Representative did business and had personal contact during the term of this contract, to surrender, cancel, lapse, forfeit, or otherwise terminate any WoodmenLife insurance certificates or annuity certificates . . . .
>
> [or]
>
> (iii) induce or attempt to induce any WoodmenLife employee or sales representative with whom the [employee] actually worked and had personal contact while employed by WoodmenLife, to terminate their relationship with WoodmenLife, except to the extent such inducement or solicitation is for an enterprise that is not competitive with the business, products or services [the employee] offered or provided on behalf of WoodmenLife and cannot adversely affect WoodmenLife's relationship or volume of business.

Filing 1 at 4-5; filing 1-1 at 5; filing 1-2 at 5. According to Woodmen, these provisions are necessary to protect its business interests and ensure a stable workforce. Filing 33 at 4.

In August 2016, Weathersbee announced that he was leaving Woodmen to join TransAmerica Premier Life Insurance—a competitor of Woodmen. Filing 1 at 5. After doing so, but before his official termination date, Weathersbee allegedly contacted other Woodmen employees and encouraged them to do the same. Bondurant, Woodmen says, was one of those employees—and he, too, decided to leave Woodmen for TransAmerica.

Woodmen claims that Weathersbee and Bondurant, upon arriving at TransAmerica, violated their non-solicitation obligations in at least two

- 2 -

respects. First, Woodmen claims that Weathersbee and Bondurant—using information they obtained while employed with Woodmen—encouraged Woodmen's customers to transfer their insurance policies to TransAmerica. Filing 1 at 5-6. At least 11 customers did so, Woodmen says, resulting in over $850,000.00 in damages. Filing 1 at 9. Second, Woodmen alleges that Weathersbee contacted current Woodmen employees and encouraged them to join TransAmerica's sales team. Those communications allegedly violated subsection iii of Weathersbee's agreement, which prohibits him from soliciting Woodmen employees on behalf of a competitor. Filing 1 at 4.

Woodmen seeks injunctive relief to "to prevent Weathersbee and Bondurant from further violating their non-solicitation obligations." Filing 33 at 3; filing 1 at 11. Weathersbee and Bondurant move to dismiss Woodmen's complaint, arguing that the non-solicitation provisions are unenforceable under Nebraska law. *See* filing 23.[1]

## STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*.

---

[1] The parties agree that Nebraska law governs.

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly,* 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n.4 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012).

ANALYSIS

As noted above, the underlying employment agreements contain a non-solicitation provision which generally prohibit Weathersbee and Bondurant from soliciting Woodmen's customers and personnel. The defendants acknowledge that such post-employment restrictions may be enforceable so long as they are necessary and reasonable. Filing 24 at 5. But, they argue, Woodmen's 2-year restriction on the solicitation of its employees (the "non-recruitment clause") is neither necessary nor reasonable, and is therefore unenforceable. *See* filing 24 at 4. And because it is unenforceable, so too is Woodmen's restriction on the solicitation of its customers. After all, they argue, "if any portion of the covenant . . . is invalid, the remainder of the covenant is likewise invalid and unenforceable." Filing 24 at 11-12 (citing *H & R Block Tax Servs. v. Circle A Enters.*, 693 N.W.2d 548, 553 (Neb. 2005)).

The Nebraska Supreme Court has not yet considered the enforceability of a non-recruitment clause. But this restriction shares a similar purpose with more commonplace covenants not to compete and other provisions partially restraining trade—namely, to prevent Weathersbee and Bondurant from soliciting the employment of Woodmen personnel on behalf of a direct competitor. As such, the Court looks to Nebraska's three-part test for determining the provision's validity. *See Gaver v. Schneider's O.K. Tire Co.*, 856 N.W.2d 121, 130 (Neb. 2014). Pursuant to that test, a partial restraint on trade is valid if it is (1) not injurious to the public; (2) no greater than reasonably necessary to protect the employer in some legitimate business interest; and (3) not unduly harsh and oppressive on the party against whom it is asserted. *H & R Block*, 693 N.W.2d at 553-54. At issue here is the second requirement: whether Woodmen's non-recruitment clause is no greater than is reasonably necessary to protect a legitimate business interest.

Woodmen claims that it is, citing its "legitimate interest" in a stable workforce. To this end, Woodmen contends that the restriction is necessary to prevent its former employees from using relationships they developed during their employment to "poach employees from Woodmen[] for the purpose of competing with Woodmen[]." Filing 33 at 8. And, they argue, the restriction advances this interest in a "narrowly tailored" fashion— prohibiting communications only between the signatory and current employees with whom they "actually worked and had personal contact[.]" Filing 1 at 3; filing 33 at 8. Accordingly, Woodmen argues, Nebraska courts would likely enforce its non-solicitation provision.

Weathersbee and Bondurant disagree. They argue that Woodmen's stated business interest—a "stable workforce"—is vague and under-defined, and therefore insufficient to justify the restriction. Filing 36 at 4. They also appeal to Nebraska's general "disfavor" of restrictive covenants, noting that such restrictions are to be "construed narrowly." Filing 24 at 5-6; *see Gaver*, 856 N.W.2d at 131; *Securities Acceptance Corp. v. Brown*, 106 N.W.2d 456, 462 (Neb. 1960) (at common law, restraints of trade were against public policy and void). Thus, they argue, given the state's restrictive approach to such clauses, it is "highly unlikely" that Nebraska courts would recognize and enforce the non-solicitation provision at issue here. Filing 24 at 8.

The Court is not convinced that dismissal is warranted at this early stage of the proceeding. Indeed, the validity of such provisions can be fact specific, so courts look not only to the terms of the provisions, but to the evidence adduced. *See*, *Gaver*, 856 N.W.2d at 132; *H & R Block*, 693 N.W.2d at 556-57; *Polly v. Ray D. Hilderman*, 407 N.W.2d 751, 755 (Neb. 1987); *Boisen v. Petersen Flying Servs.*, 383 N.W.2d 29, 32-35 (Neb. 1986).[2] And that

---

[2] None of the cases cited by the parties was decided on the pleadings.

evidence typically includes detailed testimony regarding the nature of the former employee's job responsibilities, *see Boisen,* 383 N.W.2d at 32, and the employer's justification for the contested restraint, *see H & R Block,* 693 N.W.2d at 556. Here, given the preliminary nature of this case, no such evidence exists—rather, the Court is confined to the plaintiff's complaint and the exhibits necessarily embraced by it. *ABC Plastics, Inc.*, 323 F.3d at 697 n.4. Accordingly, because factual issues remain, the defendants' motion to dismiss will be denied.

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 23) is denied.

2. This matter is referred to the Magistrate Judge for case progression.

Dated this 21st day of July, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge