# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, a Nebraska Fraternal Benefit Society,<br><br>   Plaintiff,<br><br>v.<br><br>ROBERT WEATHERSBEE, and MAXIE BONDURANT,<br><br>   Defendants. | CASE NO. 8:16-CV-00498<br><br>**STIPULATED PROTECTIVE ORDER** |

  Plaintiff Woodmen of the World Life Insurance Society ("Plaintiff" or "WoodmenLife") has sought the discovery of certain documents from third party Transamerica Life Insurance Company, and its affiliated companies (collectively "Transamerica") (together, the "movants"). The movants agree that certain categories of such information should be treated as confidential, protected from disclosure outside of legal proceedings against Defendants Maxie Bondurant and Robert Weathersbee ("Defendants"). The movants jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

  The movants assert in support of their request that protection of the identified categories of confidential information is necessary because some of the discovery is anticipated to seek personal information of nonparty employees and witnesses and proprietary business information.

  For good cause shown, the Court grants the parties' Joint Motion for Protective Order and hereby enters the following Joint Stipulated Protective Order:

  **1.**  **Scope.** All documents and materials produced in the course of discovery of this case, including responses to subpoenas, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively

"documents"), are subject to this Order concerning Confidential Information as set forth below.

    **2.**    **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing or receiving party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the movants include the following categories of information or documents in the definition of "Confidential Information":

    (a)    Non-party insurance files and records; and

    (b)    Proprietary business documents related to insurance clients and the services provided thereto.

Information or documents that are available to the public may not be designated as Confidential Information.

    **3.**    **Protected Health Information.** The parties acknowledge that some of the information produced in this case may be or contain protected health information within the meaning of the Health Insurance Portability and Accountability Act (HIPAA). Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v):

    (a)    Counsel and the party seeking protected health information shall not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information has been requested.

    (b)    Counsel and the party requesting the protected health information shall return or destroy the protected health information (including all copies made) at the end of the litigation or proceeding.

    (c)    Counsel and the party requesting protected health information shall request, use and disclose only the minimum necessary protected health information to conduct the litigation or proceeding.

    **4.**    **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a

manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party thereby certifies that the document contains Confidential Information as defined in this Order.

**5. Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten (10) days after discovery of the inadvertent failure.

**6. Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**7. Protection of Confidential Material.**

**(a) General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other legal proceeding involving the parties to this litigation without limitation, including but not limited to future or pending arbitration proceedings and bankruptcy proceedings.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential

Information may only be disclosed to the following persons:

    (i) The parties to this litigation or any other legal proceeding involving these parties, including any employees, agents, and representatives of the parties;

    (ii) Counsel for the parties and employees and agents of counsel;

    (iii) The court and court personnel, including any special master appointed by the court, members of the jury, or the American Arbitration Association and its case administrators;

    (iv) Court reporters, recorders, and videographers engaged for depositions;

    (v) Any mediator appointed by the court or jointly selected by the parties;

    (vi) Any Arbitrator in any legal proceedings between the parties;

    (vii) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such person has been informed by counsel of the protective order and acknowledged in writing that he or she has been provided a copy of the protective order and agrees to abide by its terms.

    (viii) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such person has been informed by counsel of the protective order and acknowledged in writing that he or she has been provided a copy of the protective order and agrees to abide by its terms.

    (ix) The author or recipient of the document (not including a person who received the document in the course of the litigation);

    (x) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation or any other related legal proceeding; and

    (xi) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

    **(c)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of all persons who have reviewed or been given access to the documents.

This record shall not be discoverable by the opposing party unless good cause is shown for such disclosure.

**8. Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court or in any other related legal proceeding, that party must take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under restricted access by filing a motion for leave to file under restricted access.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal or restrictive access. The parties understand that the requested documents may be filed under seal or restricted access only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under restricted access, only counsel of record and unrepresented parties will have access to the documents.

**9. Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Unless and until the Court rules favorably on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**10. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to prohibit or affect the use of any document, material, information, or Confidential Information or Information at any arbitration, trial, or hearing, including, but not limited to, the arbitration entitled Woodmen of the World Life Insurance Society v. Maxie Bondurant, Case No. 01-17-0002-9520.

**11. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation and any other legal proceeding involving the same parties.

**(b) Return of Confidential Documents.** Within forty-five (45) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; (3) the documents are relevant to other related legal proceedings between the parties; (4) the documents were sought or are otherwise relevant to post-judgment proceedings related to violations of Court orders; or (5) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party in writing that it has done so. Notwithstanding the foregoing, counsel for each party is permitted to retain a complete copy of Confidential Information for a period of two years (or longer if made reasonably necessary by the assertion of an actual claim) for the purpose of defending a malpractice suit.

**(c) Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does

not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

      **12.**    **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

      **13.**    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection until such time as the court may rule on a specific document or issue.

      **14.**    **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, the movants, and persons made subject to this Order by its terms.

      **15.**    **Jurisdiction.** The court's jurisdiction regarding this Order will terminate on the final disposition of this case; *provided*, however, that any party may file a motion seeking leave to reopen the case to enforce the provisions of this Order for good cause shown.

      **16.**    **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit or any other related legal proceeding, they must not be given access to any Confidential Information until they execute and file with the court or hearing officer their written agreement to be bound by the provisions of this Order.

      **17.**    **Protections Extended to Third Party Confidential Information.** The movants agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party or by the parties to this litigation.

18. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation other than other related legal proceedings between the parties that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

19. **Privileged or Work Product Information.**

(a) The production of attorney-client privileged or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(b) Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving

Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

**IT IS SO ORDERED.**

Dated: September 1, 2018

_____
Magistrate Judge

| **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** | **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** |
|---|---|
| /s/ Leigh Campbell Joyce <br> Signature | /s/ Timothy J. Thalken* <br> Signature |
| Leigh Campbell Joyce <br> Printed Name | Timothy J. Thalken <br> Printed Name |
| Counsel for: Plaintiff | Counsel for: Transamerica |
| Dated: August 31, 2018 | Dated: August 31, 2018 |

*Electronically signed with permission of counsel.

DOCS/2131182.1