IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| WOODMEN OF THE WORLD LIFE INSURANCE COMPANY, a Nebraska Fraternal Benefit Society, | 8:16-CV-498 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| ROBERT WEATHERSBEE and MAXIE BONDURANT, | |
| Defendants. | |

This matter is before the Court on the Motion for Default Judgment (filing 126) filed by Woodmen of the World Life Insurance Company with respect to defaulted defendant Maxie Bondurant. The motion will be granted.

When a default judgment is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id.* Therefore, it is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53. And in most cases, even though the allegations of the plaintiff's complaint are admitted, *see id.*, it is still necessary for the Court to determine the plaintiff's damages based upon the evidence. *See,* Fed. R. Civ. P. 55(b)(2)(B); *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

But here, both Woodmen's complaint and motion for default judgment seek only injunctive relief enforcing the terms of its contract with Bondurant.

*See* filing 1 at 11; filing 126 at 2-3. And the Court has already applied the *Dataphase* factors and concluded, early in these proceedings, that injunctive relief was warranted by Woodmen's allegations. *See* filing 15. The Court has also already considered whether Woodmen's complaint states a claim for relief, and concluded that it does. *See* filing 60. So, Woodmen is entitled to a default judgment as to Bondurant.

But, while the Court will enter judgment against Bondurant, the Court will not order the permanent injunction requested by Woodmen. Woodmen's motion, filed on November 26, 2018, asked the Court to enjoin Bondurant "[t]hrough October 4, 2018." Filing 126 at 2-3. In other words, the injunction Woodmen asks for would have expired before it was even requested. The Court declines to enter such nugatory relief. The Court notes, however, that Woodmen may still seek costs pursuant to Fed. R. Civ. P. 54(d). *See Rogers Grp., Inc. v. City of Fayetteville, Ark.*, 683 F.3d 903, 910-11 (8th Cir. 2012).

IT IS ORDERED:

1. Woodmen of the World Life Insurance Company's Motion for Default Judgment (filing 126) is granted.

2. A separate judgment will be entered.

Dated this 4th day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge